IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:24-CR-070-E |
| DOLLY KAY PATTERSON (01) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION UNDER RULE 16(a)(1)(G) AND BRIEF**

COMES NOW, the United States of America, by and through the undersigned counsel, and responds to defendant Dolly Patterson's motion for discovery, Dkt. 16, and respectfully shows as follows:

The Court should deny Patterson's motion in its entirety because she has not identified any actual discovery dispute. *See* Pretrial Order, Dkt. 14, ¶ 5 ("Discovery motions . . . will be denied in their entirety unless they are limited to specific matters in dispute . . . ."). She asks for expert disclosures under Rule 16(a)(1)(G), but as noted in her certificate of conference, the government does not intend to call any expert witnesses.[1]

Patterson also asks for all investigative reports. Again, as noted in Patterson's

---

[1] While Patterson's motion also states that Rule 16(a)(1)(G) applies to a witness testifying pursuant to Rule 1006 "when such a witness also gives expert testimony," Dkt. 16, her proposed order omits this qualifier and seeks to have the Court order the government to provide an expert notification for "a summary witness testifying pursuant to Rule 1006." *See* Proposed Order, Dkt. 16-1. This request is without merit. The Committee Notes state that Rule 16 does *not* "extend to summary witnesses who may testify under Federal Rule of Evidence 1006 *unless* the witness is called to offer expert opinions apart from, or in addition to, the summary evidence." Fed.R.Crim.P. 16, Notes of Advisory Committee on Rules—1993 Amendment (emphasis added). Patterson has not pointed to any authority otherwise. The Court should therefore reject any attempt to require an expert disclosure for a summary witness who is not offering expert testimony.

**Government's Response to Defendant's Motion for Discovery - Page  1**

certificate of conference, the government confirmed with the investigating agency that all such reports have been provided, even giving Patterson's counsel the opportunity to speak directly with the case agent. In addition, the government has gone above its obligations and already provided—pursuant to Patterson's request—material discoverable only under the Jencks Act, which the Court does not require to be produced until the day prior to that witness's testimony. Dkt. 14 at ¶ 4.

**CONCLUSION**

The Court should deny Patterson's motion in its entirety.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney
Texas State Bar No. 24033206
Telephone: 817-252-5200
Facsimile: 817-252-5455
Email: matthew.weybrecht@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney

**Government's Response to Defendant's Motion for Discovery - Page 2**