IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | Criminal No. 2:24-CR-070-E |
| | § | |
| DOLLY KAY PATTERSON, (1) | § | |

### MOTION TO SUPPRESS

The Defendant moves the Court to suppress alleged statements made by the defendant during a home interrogation by law enforcement officers on August 1, 2024 for the following reasons:

### Background

In early April 2023, Judge Matthew Kacsmaryk in the Amarillo Division of the Northern District of Texas issued an order in a case regarding reproductive issues that was perceived by some as controversial. As a result Judge Kacsmaryk received a number of very negative communications via the Court's help line. The help line consists of an on-line form on the Court's website that can be completed by the sender. On the help form after a message is submitted, an auto generated response is sent to the email the individual inputted in the help line. Any email address can be inputted into the form.

A comment was received via the Court's help line on April 17, 2023. In the spot the help line asked for an email address, the sending individual put in the form "dkpat@yahoo.com". In the body of the form, the sender remarked, "Tell this anti-abortion judge he needs to watch your back--and that of his kids--the rest of his life". An auto generated response was purportedly sent to dkpat@yahoo.com. The marshal service

Motion to Suppress- P a g e | 1

investigated what they called an "inappropriate communication". The email address of dkpat@yahoo.com was researched and the Internet Protocol Address (IP) returned to a person identified as Justin Marshall in Pennsylvania. During the investigation, the yahoo account of dkpat@yahoo.com showed to originated with the name of Dean Kirkpatrick. Justin Marshall's phone number was also associated with the email account of dkpat@yahoo.com. Discovery provided does not detail how or why Justin Marshall, his girlfriend, or the name Dean Kirkpatrick were cleared of culpability, but the reports do indicate that Justin Marshall was cooperative.

The investigation then expanded and investigators reported "extensive investigation including the Open-Source Intelligence Unit (OSINT) reporting and legal process". No reports reflect what extensive investigation and legal process was done with the exception of one identified chat site by the name of Disqus. From this "extensive investigation" of the chat site of Disqus, agents came upon an email address from a different service provider for a dkpat@icloud.com. Agents identified that email address as belonging to the defendant Dolly Kay Patterson in Redwood City, California. Disqus is a forum for various discussion topics. Agents found and relied upon the chat site Disqus records which contained a smattering of one-sided discussion or comments on topics mostly related to foreign policy and Stanford beginning in 2016 and one in 6-21-2022 that references Texas. This 2022 reference, some 10 months prior to the inappropriate comment attributed to dkpat@yahoo.com is instrumental in supporting the government's theory that the defendant was a possible suspect in this case. The context of this remark and the date suggests that it is a remark about the Uvalde School shooting and would not be reflective

of an anti-abortion view in any manner. There are no comments on any of the comments left by dkpat from this Disqus site that relate in any way to reproductive rights and there is no evidence or context as to what comments dkpat is responding and only an assumption that the comments are from the defendant.

Nonetheless, based upon these specious conclusions the marshals sent a lead to federal agents in the Redwood City area. On August 1, 2024, some 16 months after the communication was received in Amarillo, United States Marshals went to the residence of Dolly Kay Patterson, a 66-year old retired former Stanford employee with no criminal history residing in Redwood City, California with 81-year old spouse and her adult son.

According to the prosecutor, this important interrogation of the defendant in her home was not recorded and no written statements were taken. A one page report from the Marshal states when asked if she sent the message to the district judge the defendant replied, "Yes, I did". The defendant disputes this was her reply to what she understood was the question and there is no indication the message submitted on the help line in April 2023 was shown to the defendant and further there is no indication she was informed when this message was sent.

The report then states in response to continued interrogation that she did not know the judge; had no intention of carrying out a threat; and that it was possible she may travel to Texas at some time as she had family there, had lived there and went to school there. There is nothing in the report to document any preceding or subsequent conversation. There is no reference to any inquiry as to why a yahoo email address was placed in the message as she did not have this yahoo address, instead had an iCloud address. There is

no reference to a request to check her computer or phone to determine if any auto response was received or if any search history existed regarding the Court's help line and how to access it. There is no indication if there were discussions regarding the basis of the message or if it was meant as a threat or as the report states, an "inappropriate communication".

It is important to note that the user name of dkpat is listed in the discovery from the Disqus site.  It is unknown if others involved in the chat had access to this information and possibly could have used it to implicate the defendant in the current prosecution.  But for the interview at the defendant's home wherein the government believes she "confessed" to which she disputes, there is no other evidence establishing that the defendant was responsible for this statement left on the court's helpline.

Unlike many investigations of this nature according to US Marshal data where an isolated incident of an inappropriate comment with no evidence of any ability or intention to commit any act is dealt with by admonishment, the defendant was indicted in a two count indictment which alleges she threatened to murder a United States District Judge in Amarillo Texas.

## Legal Analysis

This motion seeks to suppress statements obtained from the defendant during the home interview on the grounds that the statements were obtained without reasonable suspicion; agents failed to record the interview; agents did not take a formal statement; and did not advise her of her *Miranda* warnings in violation of her Fourth and Fifth Amendment rights.  *See generally Miranda v. Arizona*, 384 U.S. 436 (1966).

*Miranda* warnings must be administered prior to custodial interrogation. *United States v. Bengivenga*, 845 F.2d 593, 595 (5th Cir. 1988). "A suspect is … 'in custody' for Miranda purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *Id*. at 596. "Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave." *J. D. B. v. North Carolina*, 564 U.S. 261, 270 (2011). "The reasonable person through whom we view the situation must be neutral to the environment and to the purposes of the investigation—that is, neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances." *Bengivenga*, 845 F.2d at 596. Custody for Miranda purposes requires a greater restraint on freedom than seizure under the Fourth Amendment. *Bengivenga*, 845 F.2d at 598. A determination of whether a defendant is "in custody" for Miranda purposes depends on the "totality of circumstances." *California v. Beheler*, 463 U.S. 1121, 1125 (1983).

The Court should consider "(1) the length of the questioning; (2) the location of the questioning; (3) the accusatory, or non-accusatory nature of the questioning; (4) the amount of restraint on the individual's physical movement; and (5) statements made by officers regarding the individual's freedom to move or leave." *United States v. Ortiz*, 781 F.3d 221, 229-30 (5th Cir. 2015); *United States v. Wright*, 777 F.3d 769, 774-75 (5th Cir. 2015).

First, the officers interrogated the defendant without reasonable suspicion, which is a violation of the Fourth Amendment. In *United States v. Lara*, 638 F.2d 892, (5th Cir. 1981) "the court held that an interrogation without reasonable suspicion is not permissible and any statements made during such an interrogation could be considered involuntary and subject to suppression. *Lara* at 892.

Second, the failure to record the interview or take a formal statement can also be grounds for suppression. In *United States v. Gonzalez-DeLeon*, 32 F.Supp. 2d 925, (W.D.TX., 1998) the court emphasized the importance of recording custodial interrogations to protect individual rights. The absence of such recordings can lead to the suppression of statements if it is determined that the interrogation was custodial and the defendant was not provided with Miranda warnings. Additionally, failure to record an interrogation can create a presumption against the admissibility of the statements made during the interrogation. *Restatement of the Law, Children & Law Tent*. Draft 1-14.23.

In 2014, a new Department of Justice policy with respect to the electronic recording of statements was issued. The policy, which included the United States Marshal Service, established a presumption in favor of electronically recording statements made by individuals in their custody. It also encouraged agents and prosecutors to consider electronic recording in investigative or other circumstances where the presumption doesn't apply. *www.nacdl.org/mapdata/RecordingInterrogationsFederalAgencies#DOJ*.

Additionally, with the advent of body cameras and recording capabilities, it would seem only prudent to have recorded this interactions. As far as suppression, the determination of whether the interrogation was custodial is critical. In *United State v.*

*Cavazos*, 668 F.3d 190, (5th Cir, 2012) the court found that suppression was warranted when the totality of the circumstances indicated a custodial interrogation without Miranda warnings. Similarly, in *United States v. Ortiz*, 781 F.3d 221, (5th Cir, 2015) the court reiterated that statements made during custodial interrogation without Miranda warnings are inadmissible.

The Fifth Circuit has held that a home interview can constitute a custodial interrogation if the circumstances indicate that the individual was not free to leave. *United States v. Cavazos*, 2011 U.S. Dist. LEXIS 164986. (W.D.TX., 2011). The court emphasized that the presence of multiple officers, the use of coercive tactics, and the restriction of the individual's movement within their home are significant factors in determining custody.

The determination of whether an individual is in custody depends on whether a reasonable person in the same situation would feel that they were not free to terminate the interrogation and leave. *United States v. Coulter,* 41 F.4th 451, (5th Cir, 2022); *United States v. Bojorquez*, 2021 U.S. Dist. LEXIS 159413 (W.D.TX., 2021). The Fifth Circuit has consistently held that the totality of the circumstances must be considered in making this determination. Factors include the location of the questioning, the duration, statements made during the interview, the presence of physical restraints, and the release of the interview at the end of questioning. *United States. v. Arellano-Banuelos*, 912 F.3d 862 (5th Cir, 2019); *Rowlett v. Stephens,* 2016 U.S. Dist. Lexis 108007 (W.D.TX., 2016).

While the report is sparse, in the present case, this 66-year old retired woman was interrogated in her home by multiple federal law enforcement officers. The

Motion to Suppress- P a g e | 7

circumstances of the interview and the facts she was in her own home and would have nowhere to go indicate that she was not free to leave. The presence of multiple officers, the unknown duration of the interview, and the potential coercive nature of the questioning all suggest that the defendant was in custody. There is no indication that they informed her she did not have to answer their questions. There is no indication that she consented to them entering her home. Putting it into context, these Federal agents assumedly in uniform and carrying weapons made their way inside the 66-year old female defendant's small apartment and with her 81-year old husband present proceeded to interrogate her.

    For the reasons set for above, the statements obtained from the defendant during the home interview should be suppressed. The interview constituted a custodial interrogation, and the failure to administer Miranda warnings violated the defendant's Fifth Amendment rights. *United States v. Augustine*, 2007 U.S. Dist. Lexis 41739, (S.D.MS., 2007); Therefore, the defendant respectfully requests that the court grant this motion to suppress the statements obtained during the home interview.

## CONCLUSION

    The officers' actions of interrogating the defendant without reasonable suspicion, failing to record the interview, and not taking a formal statement violated the defendant's rights and as such her statements made during interrogation should be suppressed.

>Respectfully submitted,
>
>*/s/Christy L. Drake*
>CHRISTY L. DRAKE
>ATTORNEY FOR DEFENDANT
>Texas State Bar No. 06104500
>8350 N. Central Expy, Suite 1900
>Dallas, TX  75206
>Telephone: 806.410.2030
>Email: chrisdrakelaw@gmail.com

## **CERTIFICATE OF CONFERENCE**

This is to certify that on January 31, 2025, I consulted with the Assistant U.S. Attorney Matthew Weybrecht assigned to this case regarding the substance of this Motion, and he indicated that he opposed this motion.

>*/s/Christy L. Drake*
>CHRISTY L. DRAKE

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2025, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the Assistant U.S. Attorney assigned to the case and the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

>*/s/Christy L. Drake*
>CHRISTY L. DRAKE