IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| VS. | § | Criminal No. 2:24-CR-070-E |
| | § § | |
| DOLLY KAY PATTERSON, (1) | § | |

## **MOTION TO DISMISS**

The Defendant moves the Court to dismiss the pending indictment for the following reasons:

On October 9, 2024, the defendant was indicted in a two-count indictment which alleges:

*Count One:* On or about April 16, 2023, in the Northern District Texas and elsewhere, the defendant, Dolly Kay Patterson, knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another, **for the purpose of issuing a threat, with knowledge that the communication would be viewed as a threat, and with conscious disregard of a substantial risk that the communication would be viewed as a threat**, namely, Patterson sent an electronic communication to the chambers of a United States District Judge in the Northern District of Texas, in which she threatened to injure the Judge and others. All in violation of 18 U.S.C. § 875(c).

*Count Two:* On or about April 16, 2023, in the Northern District of Texas and elsewhere, the defendant, Dolly Kay Patterson, did threaten to assault and murder a United States District Judge, with intent to impede, intimidate, and interfere with the United States District Judge while engaged in the performance of his official duties, and to retaliate against the United States District Judge on account of the performance of his official duties. All in violation of 18 U.S.C. § 115(a)(1)(B).

## Legal Analysis

This motion to dismiss should be granted in that the indictment fails to state an offense with sufficient particularity, does not meet the necessary legal standards for a "true threat", contains multiple scienter elements not contained in the statute, and nothing described in the indictment or provided establishes that the defendant made a true threat to inflict injury and had the apparent present ability to do so as required by 18 U.S.C. § 115.

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendants can move to dismiss their indictments for "failure to state an offense." District courts may only dismiss an indictment if "the infirmity in the prosecution is essentially one of law." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011). When reviewing a motion to dismiss an indictment for failure to state an offense, "the court . . . take[s] the allegations of the indictment as true . . . to determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998).

In recounting the factual background of this case at the motion-to-dismiss stage, the court must view the factual allegations in the light most favorable to the government. *United States v. Sharpe*, 438 F.3d 1257, 1258-59 (11th Cir. 2006).

Discovery provided indicates that on April 17, 2023, a comment was received via United States District Court's help line. In the spot the help line asked for an email address, the sending individual put in the form "dkpat@yahoo.com". In the body of the

form, the sender remarked, "Tell this anti-abortion judge he needs to watch his back—and that of his kids—the rest of his life!"[1]

As to the conduct, there is no mention of what Judge and who were the others that the communication was allegedly targeting and no mention of what the threat to injure was. Certainly in count two there is no indication of what was conveyed to consist of a threat to assault or murder. Because it raises a purely legal question, "[a] claim that a statute named in the indictment does not proscribe the alleged conduct is properly brought through a motion to dismiss." *United States v. Payne*, 382 F. Supp. 3d 71, 73 (D.D.C. 2019).

Section 875(c) criminalizes "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c). Like all threat statutes, § 875(c) applies only to true threats, which fall outside the scope of First Amendment protection. *United States v. Wheeler,* 776 F.3d 736, 742-43 (10th Cir. 2015). While "absent an unusual set of facts, the question whether statements amount to true threats is a question generally best left to a jury." *Id.* at 742. But, if no reasonable jury could find based on the allegations in the indictment that the defendant's communication was a true threat, the court must dismiss the charge as a matter of law. *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).

---

[1] The indictment alleges the Northern District of Texas. There are multiple federal judges in the Northern District of Texas including more than one in the Amarillo Division of the Northern District of Texas.

Motion to Dismiss Indictment- P a g e | 3

A true threat is a "'serious expression' conveying that a speaker means to 'commit an act of unlawful violence.'" *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)). It "subjects individuals to 'fear of violence' and to the many kinds of 'disruption that fear engenders.'" *Id.* (quoting *Black*, 538 U.S. at 360). To assess whether a statement is a true threat, courts consider "the full context in which the [statement was] made," including "the reaction of the recipients" and the "collective consciousness" of any recent violent events. *Wheeler*, 776 F.3d at 745. *United States v. Morales*, 272 F.3d 284 (5th Cir. 2001).

In the present case, the indictment fails to allege any facts that would establish the writer's subjective intent to establish criminal liability and fails to overcome concerns regarding the deterrence or chilling of free speech.  The indictment's failure to specify the context and nature of the alleged threat means it does not adequately inform the defendant of the charge, nor does it provide a basis for determining whether the statement constitutes a true threat. The Fifth Circuit has held that for an indictment to be sufficient, it must contain the elements of the offense charged, fairly inform the defendant of the charge against which he must defend, and enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  *Rose v. Johnson*, 141 F. Supp. 2d 661, S.D.TX (2001); *United States v. Hawkins*, 2010 U.S. Dist. LEXIS 76735 (W.D.LA. 2010).

Courts have identified several factors to consider when determining whether a statement constitutes a true threat. These include the reaction of those who heard the alleged threat, whether the threat was conditional, whether the person who made the

Motion to Dismiss Indictment- P a g e | 4

alleged threat communicated it directly to the object of the threat, whether the speaker had a history of making threats against the person purportedly threatened, and whether the recipient had a reason to believe that the speaker had a propensity to engage in violence *United States v. Leveke*, 38 F.4th 662 (8th Cir. 2022) *cert. denied,* 143 S.Ct. 386.

Additionally, the context in which the statement is made is crucial. Statements that are mere political hyperbole, idle talk, or jest do not qualify as true threats. The statement must convey a real possibility that violence will follow, and it must be serious enough to subject individuals to fear of violence and the disruption that fear engenders *Virginia v. Black,* 538 U.S. 343; *Cl. G v. Siegfried*, 38 F.4th 1270 (10th Cir. 2022); *Counterman v. Colorado*, 600 U.S. 66.

Here, no reasonable jury could find that the communication fits comfortably into the definition of a true threat. There is no reference to the name of the Judge, there are no odious epithets, no demands, and most importantly no violence mentioned. It was not made on a public forum. Additionally, besides this one line, there are no other communications to place any context of the communication. No aggressive messages and based upon any lack of context that these remarks were meant to infer "jests" or "hyperbole", no reasonable jury could find that the sender intended these to be statements "convey[ing] a real possibility that violence will follow." *Counterman*, 600 U.S. at 74 (internal quotation marks omitted) (quoting *Watts v. United States*, 394 U.S. 705, 708 (1969)).

Count one of the indictment also contains additional scienter definitions assumedly in the conjunctive, that is, that the communication was issued, "**for the**

**purpose of issuing a threat, with knowledge that the communication would be viewed as a threat, and with conscious disregard of a substantial risk that the communication would be viewed as a threat**,". (Indictment, Doc. 3). Title 18 U.S.C. § 875(c) contains no such elements.

In *Elonis v. United States,* 135 S. Ct. 2001 (2015), the Supreme Court held that a jury considering a charge of a threatening communication under 18 U.S.C. § 875(c) must be instructed that the defendant "transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.* at 2012. The Court held that it was error to instruct the jury that the communication would be a "threat" under an objective standard that a reasonable person would regard the communication as such without regard to the defendant's culpable mental state.

In *Counterman v. Colorado*, 143 S. Ct. 2106 (2023), a Colorado state case, the Supreme Court held that statutes criminalizing threatening speech are consistent with the First Amendment only if the statute requires proof of a subjective mental state **of at least** recklessness. *Id*. at 2117–19 ("In the threats context, it means that a speaker is aware 'that others could regard his statements as' threatening violence and 'delivers them anyway.'") (Emphasis added).

Whether *Elonis* requires an element of intent, or, after *Counterman,* at least recklessness with regard to whether the communication is a "true threat," is an issue that has not been resolved definitively among the circuit courts of appeals. *See United States v. Curtin*, 78 F.4th 1299, 1305-06 nn. 2–3 (11th Cir. 2023) (noting varying approaches among the courts for purposes of § 876(c)).

The defendant submits that the appropriate scienter is that of the defendant acting for the purpose of making a threat and knowing that the communication would be viewed as a threat and not simply with conscious disregard of a substantial risk that it would be viewed as a threat. In support of this, the defendant points to the scienter needed to convict in count two. That statute requires that the defendant act knowingly and intentionally in making the threat. To suggest to the jury that there are different mens rea requirements behind the same communication would be subject to confusion on the part of the jury.

By electing to add three different scienter options in the indictment that are not contained in the statute the government choose to spread its bets on their burden of proof. It also creates issues as to what the grand jury relied upon to return a true bill of indictment. The addition of these multiple intent elements not contained within the statute creates confusion and prejudicial surplusage. To allow the prosecution, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. *Russell v. United States*, 369 U.S. 749, 770 (1962).

As to count two, the indictment charges that the defendant threatened to assault and murder a United States District Judge. In order to convict, the government must show that the defendant **intentionall**y made a true threat to assault or murder.

Motion to Dismiss Indictment- P a g e  | 7

The defendant submits that no reasonable jury could conclude that the alleged communication could be construed as a threat to inflict injury and that the defendant had the apparent present ability to do so. [2]  At best, to "watch your back" may be construed as a vague warning that could be interpreted as implying potential harm depending on the context and delivery.  The vagueness of the remark is also highlighted by the investigative reports that refer to it as a "possible threat".  Even the report from the U.S. Marshal states that the defendant, residing in California, appeared to by physically impaired.  There is no evidence that, if the defendant actually sent this communication, that this was anything more than an isolated comment or a context to place this remark.  There are no other documented contacts between the defendant and the Court, albeit, no Court or Judge is specified in the indictment. For the government to charge that the defendant intended to convey a true threat to assault and murder is unsupported by any documentation provided to the defendant.

## CONCLUSION

Therefore, for the foregoing reasons this motion to dismiss the indictment should be granted.

---

[2] 5th Circuit Pattern jury instructions for 18 U.S.C. 111(a) and (b).

Respectfully submitted,

*/s/Christy L. Drake*
CHRISTY L. DRAKE
ATTORNEY FOR DEFENDANT
Texas State Bar No. 06104500
8350 N. Central Expy, Suite 1900
Dallas, TX 75206
Telephone: 806.681.1259
Email: chrisdrakelaw@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 2, 2025, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the Assistant U.S. Attorney assigned to the case and the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

*/s/Christy L. Drake*
CHRISTY L. DRAKE