IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Case number: 2:24-CR-00070-E |
| | § | |
| DOLLY KAY PATTERSON,<br>    Defendant. | §<br>§<br>§ | |

# ORDER

Before the Court is Defendant Dolly Patterson's Motion to Dismiss, in which she argues the Indictment fails to state an offense under Federal Rules of Criminal Procedure 12(b)(3)(B)(v). (ECF No. 23). Upon consideration of Defendant's Motion, (ECF No. 23), and Government's response, (ECF No. 26), and for the following reasons, said Motion is **DENIED**.

## I. BACKGROUND

A grand jury issued an Indictment charging Patterson with (i) transmitting a threating communication in interstate commerce, in violation of 18 U.S.C. § 875(c), and (ii) influencing a federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B). (ECF No. 3). The Indictment reads as to Count 1:

> On or about April 16, 2023, in the Northern District of Texas and elsewhere, the defendant **Dolly Kay Patterson**, knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another, for the purpose of issuing a threat, with knowledge that the communication would be viewed as a threat, and with conscious disregard of a substantial risk that the communication would be viewed as a threat, namely, **Patterson** sent an electronic communication to the chambers of a United States District Judge in the Northern District of Texas, in which she threatened to injure the Judge and others.

All in violation of 18 U.S.C. § 875(c).

(ECF No. 3 at 1). The Indictment reads as to Count 2:

> On or about April 16, 2023, in the Northern District of Texas and elsewhere, the defendant, **Dolly Kay Patterson**, did threaten to assault and murder a United States District Judge, with intent to impede, intimidate, and interfere with the United States District Judge while engaged in the performance of his official duties, and to retaliate against the United States District Judge on account of the performance of his official duties.
>
> All in violation of 18 U.S.C. § 115(a)(1)(B).

(ECF No. 3 at 2).

Patterson moves to dismiss the Indictment, arguing that (i) "the indictment fails to state an offense with sufficient particularity," (ii) "does not meet the necessary legal standards for a 'true threat,'" and (iii) "contains multiple scienter elements not contained in the statute." (ECF No. 23 at 2). The Court considers her motion below.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendants can move to dismiss their indictments for "failure to state an offense." "The propriety of granting a motion to dismiss an indictment … by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact…. If a question of law is involved, then consideration of the motion is generally proper.'" *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 11) (citing *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). However, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello*

*v. United States*, 350 U.S. 359, 363 (1956). When reviewing a motion to dismiss an indictment for failure to state an offense, "the court ... take[s] the allegations of the indictment as true ... to determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citation omitted).

### III.  ANALYSIS

Indictments serve to "inform a defendant of the charge against [her]," *United States v. Franco*, 632 F.3d 880, 885 (5th Cir. 2011), and "ensure that the grand jury finds probable cause that the defendant has committed each element of the offense." *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022). "The indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Thus, "[a]n indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Rafoi*, 60 F.4th 982, 993 (5th Cir. 2023) (citation omitted).

#### A.  18 U.S.C. § 875(c)

Count One of the Indictment charges Patterson with violating 18 U.S.C. § 875(c), which requires the interstate communication of a threat to injure the person of another. *Elonis v. United States*, 575 U.S. 723, 732, 740 (2015). Here, the Indictment addresses each element of Count One. Specifically, the Indictment charges that Patterson "transmitted in interstate commerce and foreign commerce a communication containing a threat to injure the person of another." (ECF No. 3 at 1). The Indictment also includes facts describing each element with particularity. The Indictment contains allegations that "on or about April 16, 2023," Patterson "sent an electronic communication to the chambers of a United States District Judge in the Northern District of Texas,

in which she threatened to injure the Judge and others." (ECF No. 3 at 1). The Court concludes these allegations describe the elements of Count One with sufficient particularity "to enable [Patterson] to prepare [her] defense at trial." *Davis*, 53 F.4th at 845.

Likewise, Patterson's argument that the Indictment is insufficient because "there is no mention of what Judge and who were the others that the communication was allegedly targeting and no mention of what the threat to injure was" is unavailing. (ECF No. 23 at 3). The Indictment informs Patterson that the offending communication was transmitted via "electronic communication," was directed to the "chambers of a United States District Judge in the Northern District of Texas," and that the threat was directed to said Judge and others. (ECF No. 3 at 1). The Indictment also alleges that the offending communication occurred, "on or about April 16, 2023." (ECF No. 3 at 1). Accordingly, Count One of the Indictment is legally sufficient.

### B. 18 U.S.C. § 115(a)(1)(B)

Count Two of the Indictment charges Patterson with violating 18 U.S.C. §115(a)(1)(B), which requires

> the threat to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement office, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties.

18 U.S.C. § 115(a)(1)(B); *see also United States v. Polanco*, No. 20-20585, 2022 WL 595154, *1 (5th Cir. Feb. 28, 2022).

Here, the Court concludes the Indictment addresses each element of Count Two. The Indictment alleges that Patterson "did threaten to assault and murder a United States District Judge, with intent to impede, intimidate, and interfere with the United States District Judge while engaged

in the performance of his official duties, and to retaliate against the United States District Judge on account of the performance of his official duties." (ECF No. 3 at 2). The Indictment also includes facts describing each element with particularity. The Indictment contains allegations that "on or about April 16, 2023, in the Northern District of Texas," Patterson "did threaten to assault and murder a United States District Judge." (ECF No. 3 at 2). The Court concludes these allegations describe the elements of Count Two with sufficient particularity "to enable [Patterson] to prepare [her] defense at trial." *Davis*, 53 F.4th at 845.

As with Count One, Patterson alleges that "in [C]ount [T]wo there is no indication of what was conveyed to consist of a threat to assault or murder." (ECF No. 23 at 3). However, the Indictment informs Patterson that the offending behavior was her act to "threaten to assault and murder a United States District Judge." (ECF No. 3 at 2). The Indictment also alleges that the offending communication occurred, "on or about April 16, 2023, in the Northern District of Texas," providing Patterson notice of the timeframe and location at issue. (ECF No. 3 at 1). Accordingly, Count Two of the Indictment is legally sufficient.

### C.  Concerns Not Properly Before the Court

Patterson raises two additional concerns in her Motion to Dismiss which are improper at this stage, and thus, the Court declines to analyze them. First, Patterson asserts that "no reasonable jury could conclude that the alleged communication could be construed as a threat to inflict injury and that the defendant had the apparent ability to do so." (ECF No. 23 at 8). Patterson's argument that the indictment, "sufficient on its face" is not "supported by enough evidence" is not properly challenged in a Motion to Dismiss "[f]or an indictment returned by a legally constituted and unbiased grand jury, if valid on its faced, is enough to call for trial of the charge on the merits." *Mann*, 517 F.2d at 267. Second, Patterson argues that the potential jury instructions could be

confusing if the jury instructions suggest that "there are different mens rea requirements behind the same communication." (ECF No. 23 at 7). The Court declines to address this argument as it is best reserved for a future jury charge conference.[1]

Accordingly, the Court finds that Counts One and Two of the Indictment are sufficient as a matter of law and denies Patterson's Motion to Dismiss.

### IV.   CONCLUSION

For the foregoing reasons, Patterson's Motion to Dismiss the Indictment is **DENIED**. (ECF No. 23).

**SO ORDERED.**

Signed this February 25, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1] The Court's ruling here does not preclude Patterson from raising these arguments in the future.