ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 6 2025

CLERK, U.S. DISTRICT COURT
By_____Matz_____
Deputy

UNITED STATES OF AMERICA

v.                                              No. 2:24-CR-70-E

DOLLY KAY PATTERSON (01)

## PLEA AGREEMENT

Dolly Kay Patterson, the defendant; Paul Herrmann and Christy L. Drake, the defendant's attorney; and the United States of America (the government) agree as follows:

1.      **Rights of the defendant**: The defendant understands that the defendant has the rights:

      a.      to plead not guilty;

      b.      to have a trial by jury;

      c.      to have the defendant's guilt proven beyond a reasonable doubt;

      d.      to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

      e.      against compelled self-incrimination.

2.      **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 875(c), that is, Interstate Threatening Communication. The defendant understands the nature and elements of the crime to which the defendant is

pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed five years;

    b.    a fine not to exceed $250,000;

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100; and

    e.    costs of incarceration and supervision.

4.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty

may entail, even if the consequence is the defendant's automatic removal from the United States.

5.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the appropriate term of imprisonment in this case is no more than 6-months incarceration. However, the defendant understands that this recommendation is not binding on the Court, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range. All other penalty provisions are in the discretion of the Court. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.    **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.    **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $100.

8.      **Financial Obligations**: The defendant understands that any financial

obligation imposed by the Court for restitution, fines, or special assessments is due and

payable immediately. In the event the Court imposes a schedule for payment, the

defendant agrees that such a schedule represents a minimum payment obligation and does

not preclude the U.S. Attorney's Office from pursuing any other means by which to

satisfy the defendant's full and immediately enforceable financial obligation. The

defendant understands that the defendant has a continuing obligation to pay in full as

soon as possible any financial obligation imposed by the Court. The defendant further

agrees as follows:

      a.  The defendant agrees that the financial statement, with any supporting

          documents, the defendant provides to the USPO may be shared with the

          Court and the government.

      b.  The defendant shall submit to interviews by the government and the

          USPO regarding the defendant's capacity to satisfy any fine, restitution,

          or special assessment.

      c.  The defendant expressly authorizes the United States Attorney's Office

          to immediately obtain a credit report on the defendant to evaluate the

          defendant's ability to satisfy any financial obligation imposed by the

          Court.

9.      **Government's agreement**: The government will not bring any additional

charges against the defendant based upon the conduct underlying and related to the

defendant's plea of guilty. The government will file a Supplement in this case, as is

Plea Agreement—Page 4

routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10.    **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.    **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.    **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.    **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in

court. No promises or representations have been made by the United States except as set

forth in writing in this plea agreement.

AGREED TO AND SIGNED this 16 day of May, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY


TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
Telephone: 214-659-8600
Fax: 214-659-8808
Tiffany.Eggers@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     May 16, 2025
DOLLY KAY PATTERSON                  Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____     5/16/25
PAUL HERRMANN                        Date
Attorney for Defendant

_____     5-16-25
CHRISTY L. DRAKE                     Date
Attorney for Defendant